Filed 6/30/21  P. v. Lim CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307209 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA480707) |
| v. | |
| HOU LIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge. Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant was sentenced to probation for spitting on a custodial officer while incarcerated, and ordered to obey all laws as a condition of his probation. The trial court later found appellant violated this condition by committing a trespass, and sentenced appellant to three years imprisonment. On appeal, his appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record for error. Having done so, we affirm.

# BACKGROUND

### A. *Probation Sentence*

In December 2019, the People charged appellant with a battery by gassing upon Los Angeles County Sheriff's Department Deputy Young Ko, in violation of Penal Code section 243.9, which defines "'gassing'" to include intentionally causing human bodily fluid to be thrown or placed upon the person of another. At the preliminary hearing, Deputy Ko testified that in July 2019, in response to a report that appellant was causing a disruption in the Twin Towers Correctional Facility, he escorted appellant back to his cell. En route to his cell, appellant said "'Fuck you, man. I'm gonna write you up,'" and spat saliva upon Deputy Ko's face.

A pre-plea probation report stated that appellant's criminal record indicated he had "'severe psychiatric problems.'" A 2017 prosecution for attempted robbery had

2

been suspended upon a finding that appellant was mentally incompetent, but was reopened upon a finding of competence in June 2018, after which appellant was convicted and sentenced to two years in prison. The probation report further stated that appellant had suffered "numerous narcotic-related convictions." Most recently, in March 2019, appellant suffered a misdemeanor conviction for using or being under the influence of a controlled substance.

Appellant pled no contest to the gassing charge. The trial court (Judge Terry A. Bork) suspended imposition of sentence, and placed appellant on probation for three years. Appellant's probation conditions included a requirement to obey all laws.

### B. *Probation Violation*

In March 2020, the trial court (Judge Christopher W. Dybwad) held a combined probation-violation hearing and preliminary hearing on a robbery charge. Two Los Angeles Police Department officers testified regarding statements made to them by the alleged robbery victim, Daniel Oxman, after they reported to his home in response to a 911 call. Oxman reported that on February 27, 2020, around 1:10 a.m., he discovered a man -- whom he later identified as appellant -- banging on the glass of his back window with a three-foot-long metal pipe. Appellant told Oxman he wanted money or to be allowed inside, and Oxman responded that he would give appellant money at the front of the house. Appellant sat in the driveway for a few minutes, then

banged on Oxman's door with the pipe and demanded that Oxman give him money, cook ramen for him, or let him inside. Oxman threw $16 out of a window, and appellant took $6. Oxman showed the police officers a surveillance video from his home, which was played for the court and admitted into evidence. Appellant presented no evidence.

The court found appellant had violated his probation condition requiring him to obey all laws, relying on the surveillance video, which it deemed "sufficiently reliable evidence" to find appellant had committed a trespass. The court also held appellant to answer on the robbery charge.

Two weeks later, appellant's counsel represented to the trial court (Judge Kathryn A. Solorzano) that the parties had tentatively agreed to request dismissal of the robbery charge in exchange for a prison sentence on the probation violation. The matter was continued several times. In August 2020, the trial court (Judge Lauren Weis Birnstein), apparently accepting the parties' previously discussed agreement, sentenced appellant to three years imprisonment and granted the People's motion to dismiss the robbery charge. Appellant timely appealed.

### C. Wende *Brief*

Appellant's appointed counsel filed a brief raising no issues and asking this court to independently review the record under *Wende*, *supra*, 25 Cal.3d 436. On February 18, 2021, we directed counsel to send the record and a copy of the brief to appellant and notified appellant of his right to

4

file a supplemental brief within 30 days. We have received no supplemental brief or other communication from appellant.

## DISCUSSION

Neither appellant nor his appointed counsel has raised any issue on appeal. We have independently reviewed the record and discern no arguable issue. By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.